IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN D. PAUL                                               PLAINTIFF

               v.                      Civil No. 12-3159

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                             DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Plaintiff, John Paul, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed his DIB and SSI applications on May 5, 2010, alleging an onset date of October 1, 2008, due to knee issues, back pain, obesity, depression, learning disability, and being "mentally challenged". Tr. 12, 124-134, 154, 169. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 69-79, 85-88. An administrative hearing was held on March 9, 2011. Tr. 29-68, 89-90. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 31 years old and possessed an eleventh grade education. Tr. 22, 34, 62-63, 155, 198. He had past relevant work ("PRW") experience as a lawn care worker and mixer.

On August 24, 2011, the ALJ found Plaintiff's lumbago, left knee pain status-post surgery, borderline intellectual functioning ("BIF"), social phobia, dependent personality disorder, and alcohol dependence to be severe, but concluded it did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 14-18. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally climb, balance, stoop, kneel, crouch and crawl and must avoid concentrated exposure to hazards. The claimant is further limited and is able to perform work where interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment required, the supervision required is simple, direct, and concrete, and there is no contact with the general public.

Tr.18-19. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform work as a production worker, bench assembler, maid/housecleaner. Tr. 23.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on November 9, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 11.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).

Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the evidence indicates that Plaintiff suffers from "left knee ostechondritis dissecans medial femoral condyle," for which he underwent surgery in December

4

1999. Tr. 333-340. We do note that the record contains no evidence of treatment for this condition during the relevant time period. However, Plaintiff underwent a consultative examination with Dr. Shannon Brownfield in July 2010. Tr. 259-264. This examination revealed a limited range of motion in Plaintiff's left knee, a slight limp to the left, and difficulty squatting and arising from a squatting position. The results were such that Dr. Brownfield concluded Plaintiff would have moderate to severe limitations with regard to prolonged standing, walking, kneeling, and climbing stairs.

The Government contends that Dr. Brownfield's moderate to severe limitations are incorporate in the ALJ's determination that Plaintiff could perform light work with additional exertional limitations. However, by definition, light work requires that an individual be capable of standing or walking for a total of six hours out of an eight-hour work day. *See* Social Security Ruling 83–10. And, absent evidence of Dr. Brownfield's definition of moderate to severe, we do not believe that light work adequately reflects the limitations he imposed. *See Lewis*, 353 F.3d at 646 (RFC must be supported by some medical evidence). Accordingly, we believe that remand in necessary to allow the ALJ to recontact Dr. Brownfield to clarify his limitations and provide a through RFC assessment. If Dr. Brownfield is unavailable or otherwise unable to provide said evidence, the ALJ is directed to send Plaintiff for a consultative orthopedic examination complete with x-rays and an RFC assessment. See 20 C.F.R. 404.1519p (requiring ALJ to recontact consultative examiner if assessment is inadequate or incomplete).

**IV.  Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C.

Case 3:12-cv-03159-PKH Document 12　　Filed 11/06/13　Page 6 of 6 PageID #: 128

§ 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>6th</u> day of November 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)